### STATE v. SANDERSON.
No. 77-7125-04 MM.

County Court, Palm Beach County.

December 16, 1977.

Robert A. Eisen, Assistant City Attorney, Boca Raton, for the state.

Nelson E. Bailey, West Palm Beach, for the defendant.

HAROLD J. COHEN, County Court Judge.

This cause came on to be heard on the defendant's motion to dismiss on constitutional grounds and memorandum of law. The court has also received the city's memorandum of law in opposition to the defendant's motion, and the defendant's reply. A certified copy of the ordinance in question was filed.

The defendant alleges police misconduct, inter alia, stating in her memorandum of law —

> . . . Two officers entered the bar, where Ms. Sanderson was dancing upon a stage apart from the bar's clientele, and officers watched awhile. Then one of the officers ordered her down from the stage, and, right there in front of the bar's patrons, measured her pasties on her breasts, touching her in the process. He then ordered her into a back room, where he measured the pasties again, while he smiled ear to ear and wisecracked. Then this brave officer of the law arrested Susan Sanderson, had her get dressed, took her outside the bar, handcuffed her, placed her inside a police vehicle and transported her to police headquarters.
>
> At headquarters the same officer took Susan Sanderson into a room, with no one else present, and ordered her over tearful protests to untie and drop the halter top of her dress, whereupon he took several photographs of her breasts with pasties still attached — "for evidence purposes." That concluded, and her dress top back in place, the other officers entered the room where Ms. Sanderson was detained and, in her presence, examined the new photographs of her breasts and pasties, amidst jovial commentary of a slightly restrained lockerroom type . . . See defendant's motion to dismiss, p. 7.

This order does not reach the issue of alleged police misconduct. The court makes no finding regarding the same. Studying the ordinance in question and the case law applicable thereto, it becomes unnecessary for the court to address the factual question as to whether there was police misconduct as alleged by counsel in that the validity of the ordinance itself has been attacked by the defendant and cannot survive defendant's motion to dismiss on that ground.

The defendant was charged by uniform notice to appear filed in this court on October 13, 1977 with — "Appearing without wearing apparel of at least three inches over female breasts." The uniform notice to appear alleges, in part, that —

> On the 12 day of October, 1977 at 10:10 P.M., Sanderson, Susan K., . . . dancer, College Inn, . . . at 1929 N. Federal (College) in the City of Boca Raton, Florida committed the following offense . . . appearing without wearing apparel of at least three inches over female breasts . . . in

violation of Section 15.6a - Ord. 22.83. . . . Municipal Ordinance . . . details - suspect arrested while dancing in a public place to wit the College Inn in the City of Boca Raton, without at least three inches in diameter of material covering each female breast . . .

## The ordinance in question reads as follows —

ORDINANCE NO. 2283
AN ORDINANCE OF THE CITY OF BOCA RATON PROVIDING THAT IT SHALL BE UNLAWFUL FOR ANY FEMALE PERSON TO APPEAR IN ANY PUBLIC PLACE OF ENTERTAINMENT OR ANY PRIVATE CLUB WITHOUT HER BREASTS COVERED, PROVIDING CRITERIA FOR SUCH COVERING, PROVIDING THAT THERE SHALL BE NO EXCEPTIONS.

WHEREAS, the City of Boca Raton is primarily a family oriented residential community; and,

WHEREAS, entertainment in public places of entertainment or in private clubs by the exposure of female persons of their breasts is found by the City Council to violate the community standards of decency; and,

WHEREAS, it is found that such entertainment is detrimental to the public morals and does not promote the health and general welfare of the city and is detrimental thereto; now therefore: THE CITY OF BOCA RATON HEREBY ORDAINS:

*Section 1.* There is hereby added to Chapter 15 of the Code of Ordinances of the City of Boca Raton, the following section to be numbered 15-6-A to read as follows: It shall be unlawful for any female person over the age of twelve (12) years or who has reached puberty to appear in any public place of entertainment, or any private club, or to be visible therein without each of such person's breasts being covered with wearing apparel of an opaque material of at least three (3) inches in diameter centered on the nipple of each breast.

The foregoing prohibition shall apply:

(1)   While in or at any place open to the public, or in the case of a private club, open to members or guests, when other persons are present.

(2)   While performing any dance or other type of entertainment in or at any place where the public is admitted, or in the case of a private club, where the members are admitted.

(3)   While serving any food or beverages in or at any place where the public is admitted or, in the case of a private club, where the members are admitted.

(4)   In connection with any commercial enterprise, either in or at any place, public or private.

(5)   In connection with any gratuitous endeavor carried out for the purposes of or in expectation of receiving any monetary rewards, gifts, . . tips or thing of value in or at any place, public or private.

*Section 2.* This Ordinance shall take effect upon ratification of the electors of the City of Boca Raton at a special election to be held on September 7, 1976. Upon the ratification of the Ordinance by a majority of the electors voting 'yes' in said special election, the Ordinance shall be codified in the City Code of Ordinances, otherwise it shall stand null and void. The form of the question which shall appear on the ballot is as follows:

DO YOU FAVOR THE RATIFICATION OF ORDINANCE NO. 2283 OF THE CITY OF BOCA RATON WHICH PROVIDES THAT IT SHALL BE UNLAWFUL FOR ANY FEMALE PERSON OVER THE AGE OF TWELVE (12) YEARS OR WHO HAS REACHED PUBERTY TO APPEAR IN ANY PUBLIC PLACE OF ENTER-TAINMENT OR PRIVATE CLUB, OR TO BE VISIBLE THEREIN, WITHOUT HER BREASTS BEING COVERED WITH SPECIFIED OPAQUE MATERIAL.

On September 7, 1976 2,588 citizens of the city of Boca Raton voted for the ordinance and 1,767 citizens voted against it, and it became effective. Criminal penalties are provided. The defendant argues the ordinance is unconstitutional because it is impermissibly broad, encompassing constitutionally protected conduct along with conduct that lawfully could be regulated by a less broad and competently drafted ordinance. She argues that the ordinance is an across the board prohibition and that the prohibition is unrelated to the sale and consumption of liquor on the premises. She states that topless dancing — or merely dancing with "pasties" of insufcicient size under the ordinance — does not fall within a category of conduct that can be regulated.

She further argues that the ordinance is unconstitutional because it discriminates solely on the basis of sex, that it renders certain conduct unlawful when done by women of a certain age, or girls who have reached puberty, but not when done by men, and that the ordinance invades the privacy of the individual citizen because of the criminal significance it attaches to female puberty.

Finally, the defendant contends that the ordinance should be stricken because it conflicts with state law. In essence, she alleges that the Boca Raton ordinance seeks to proscribe conduct already regulated by Florida Statute 800.03 and the case law that has construed that statute.

The city of Boca Raton responds and asks the court to uphold the constitutionality of its ordinance. The city alleges that First Amendment free speech is not controlled or regulated by the ordinance. The city contends that the ordinance simply is a legitimate regulation of conduct wherein minimal restraints are imposed which do not conflict with the constitutions of the United States or

Florida. The city also argues the police power of a city to regulate conduct in a commercial establishment where the regulation bears a substantial relation to the public health, peace, safety, morals or welfare is applicable.

Finally, the city alleges that the ordinance is not preempted by Section 800.03, Florida Statutes, because that statute refers to sexual organs, and for the purposes of Section 800.03, sexual organs have been defined not to include the female breasts.

In determining whether or not the ordinance in question is unconstitutional, the court has gone beyond the facts of .this particular case in order to determine if its application would be or is overbroad. Counsel for the defendant raised the issue as to whether or not culturally recognizable performances such as "Hair" or "Oh Calcutta" would violate this ordinance. The city responded by stating, frankly, that such performances would be so affected and violate the ordinance.

*In Doran v. Salem Inn, Inc.*, 422 U.S. 922 (1975), the United States Supreme Court stated at page 933 — "We have previously held that even though a statute or ordinance may be constitutionally applied to the activities of a particular defendant, that defendant may challenge it on the basis of overbreadth if it is so drawn as to sweep within its ambit protected speech or expression of other persons not before the court."

The court went on to state that even if it assumed that the state of New York (in our case, the state of Florida) had delegated its authority to towns such as North Hempstead (in our case, the city of Boca Raton). and that the ordinance would therefore be constitutionally valid under the case of *California v. LaRue*, 409 U.S. 109 (1972), if limited to places dispensing alcoholic beverages, the ordinance in *Doran*, supra., was not so limited. Furthermore, the United States Supreme Court held that because the petitioner did not raise any other legitimate state interest that would counterbalance the constitutional protection presumptively afforded to activities which were plainly within reach of the local ordinance, then the United States District Court had not abused its discretion by granting a preliminary injunction against law enforcement authorities' continued enforcement of the ordinance.

In *Doran*, supra., Justice Rehnquist writing the opinion of the court, quoted the U.S. District Court opinion. which is quite relevant to the Boca Raton ordinance under consideration —

"The local ordinance here attacked not only prohibits topless dancing in bars but also prohibits any female from appearing in 'any public place' with uncovered breasts. There is no limit to the interpretation of the

term 'any public place.' It could include the theatre, town hall, opera house, as well as a public market place, street or any place of assembly, indoors or outdoors. Thus, this ordinance would prohibit the performance of the 'Ballet Africains' and a number of other works of unquestionable artistic and socially redeeming significance. 364 Fed. Supp., at 483." *Doran*, supra., 933.

The concern of the United States Supreme Court and the U.S. District Judge for legitimate and culturally recognizable performances such as "Ballet Africains" is similarly reflected in this court's concern previously noted for such performances as "Hair" and "Oh Calcutta."

Although it is true that there are some limitations in the Boca Raton ordinance, nevertheless theatres, auditoriums, and other places where entertainment may be had other than traditional bars are included within the purview of the ordinance. Indeed, the theatre of the Florida Atlantic University in Boca Raton would come under the ordinance's ban.

Clearly, the issue of obscenity itself is not before the court. State laws have been enacted and applied by the courts to control that type of conduct. Indeed, the standards set forth for jury guidelines in *Miller v. California*, 413 U.S. 15 (1968), make no sense in connection with this ordinance which is peculiar to the city of Boca Raton and for which no jury trial is afforded by right. It is settled law that theatrical productions can be staged under the protective cupola of the First Amendment. See *Southeastern Promotions, Ltd., v. City of West Palm Beach,* 457 Fed. 2d 1016 (5th Cir. 1972) at p. 1018.

In *Southeastern Promotions, Ltd.,* supra., the First Amendment right to produce and play "Hair" was upheld against an attempt by the city of West Palm Beach to ban the performance from the West Palm Beach Municipal Auditorium. The city of Boca Raton concedes that its ordinance would make conduct within that play illegal in the city of Boca Raton. The overbreadth of the ordinance becomes unquestionably clear under the circumstances.

The court finds it unnecessary to reach the other issues argued by counsel in open court and in the memoranda of law and several cases submitted to the court for its consideration.

It is therefore ordered and adjudged that the defendant's motion to dismiss be and the same is hereby granted and the aforementioned ordinance of the city of Boca Raton is hereby declared to be unconstitutionally broad and violative of the constitution of the United States.